UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| *In re Subpoena Issued to:* | |
| FEDERAL BUREAU OF INVESTIGATION, | |
| | Misc. No. 24-2956 (RC) |
| *In the Criminal Matter of:* | |
| UNITED STATES OF AMERICA | *on removal from* |
| v. | No. 2019 CF1 012406 (D.C. Super. Ct.) |
| KAVON YOUNG, | |
| Defendant. | |

**FEDERAL BUREAU OF INVESTIGATION'S
<u>REPLY IN SUPPORT OF MOTION TO QUASH</u>**

**TABLE OF CONTENTS**

Table of Contents .................................................................................................................... 1

Argument ................................................................................................................................ 2

    I.    The Superior Court Lacks Authority to Compel Non-Party FBI to Comply with the Subpoena. .............................................................................................................. 2

    II.   The APA Does Not Waive the FBI's Sovereign Immunity With Respect to the Subpoena. .............................................................................................................. 4

    III.  The FBI Appropriately Relied on Its *Touhy* Regulations. ..................................... 5

Conclusion .............................................................................................................................. 7

Petitioner Department of Justice ("Department" respectfully submits this reply in support of its motion to quash subpoena issued by the Superior Court of the District of Columbia to the Department's component agency, the Federal Bureau of Investigation ("FBI"). *See* FBI's Motion to Quash ("Mot. to Quash"), ECF No. 7. Defendant Kavon Young's arguments in opposition are based almost entirely on the reductive and erroneous notion that by prosecuting a criminal defendant in the Superior Court of the District of Columbia ("Superior Court"), the United States waives its sovereign immunity with respect to any of its agencies, including the FBI, in that local court proceeding. As discussed below, Defendant's contentions lack merit, and the Court should grant the Department's motion to quash the subpoena in its entirety

## ARGUMENT

I.    **The Superior Court Lacks Authority to Compel Non-Party FBI to Comply with the Subpoena.**

A.    **The Superior Court is a Local, Not Federal, Court, Barred by Sovereign Immunity from Compelling Compliance with the Subpoena.**

Contrary to Defendant's contention, *see* Def.'s Opp'n at 6–7, the Superior Court is a local court that, due to established principles of sovereign immunity, lacks authority to compel the FBI to comply with the subpoena. As the D.C. Circuit explained in *JMM Corp. v. District of Columbia*, "Congress reorganized the courts of the District of Columbia pursuant to its authority under Article I [] of the Constitution." 378 F.3d 1117, 1123 (D.C. Cir. 2004) (citing, *inter alia*, D.C. Code Ann. § 11–101 (setting forth, and distinguishing between, the judicial power of the federal and local District of Columbia courts). "Congress's intent was to give the District 'a court system comparable to those of the states' . . . particularly with respect to 'the disposition of criminal matters.'" *Id.* at 1123 (quoting H.R. Rep. No. 91-907, at 33. Congress "constituted the [Superior Court] court as a purely local court, similar to a state court." *Id.* "Accordingly, 'both our case law and other federal statutes treat the D.C. courts like state courts,'" *Id.* (quoting *Handy v. Shaw,*

*Bransford, Veilleux & Roth*, 325 F.3d 346, 351 (D.C. Cir. 2003)); *see also Madley v. U.S. Parole Comm'n*, 278 F.3d 1306, 1308 (D.C. Cir. 2002) ("Congress has created a trial and appellate court system of general jurisdiction for the District separate from the United States courts . . . and intended to serve the District in much the same manner as the court systems of the various states."). As Defendant readily acknowledges, the "rights of state court defendants sometimes must give way to supremacy and dual sovereignty concerns," Def.'s Opp'n at 7, and this is such a case. Defendant's opposition has not identified a single statute that unequivocally waives the FBI's sovereign immunity to subpoenas issued by the Superior Court, nor could Defendant do so.

To the extent Defendant aims to couch the subpoena in terms of discovery required under Superior Court Rule of Criminal Procedure ("Rule") 16, *see* Def.'s Opp'n at 5, the District of Columbia Court of Appeals has made it clear that Rule 16 applies only to the discovery obligations of the prosecuting authority and the defendant in a criminal proceeding. *In re Herndon*, 596 A.2d 592, 596 (D.C. 1991). As discussed above, the FBI is a non-party to Defendant's case and is therefore not subject to Rule 16's disclosure obligations. Furthermore, Rule 17, "governing the use of subpoenas in criminal cases, does not authorize the production of documents from non-parties for the purpose of discovery." *Id.* (collecting cases). These procedural obligations are entirely inapposite to the question of the FBI's sovereign immunity in this case, and Defendant's contentions in reliance on these rules should be rejected.

### B.     The FBI Did Not Initiate the Criminal Proceeding Against Defendant and Therefore Has Not Waived Sovereign Immunity.

Defendant argues that because the criminal charges in the underlying case were brought on behalf of the United States, the FBI has waived any claim to sovereign immunity with respect to the subpoena. *See* Def.'s Opp'n at 7–14; *see also, e.g., id.* at 2, 4, 6, 16 (repeating Defendant's erroneous contention that the FBI is a litigant in the underlying case). This argument is meritless.

The FBI is not prosecuting Defendant in the underlying case, nor is it a party to the case. This much is evident in the very issuance of the third-party subpoena at issue here. If Defendant's logic—i.e., that the initiation of a criminal proceeding on behalf of the United States waives the sovereign immunity of every other agency of the United States—then no third-party subpoena would be necessary, and every agency of the United States would be subject to the government's disclosure obligations under the Federal Rules of Criminal Procedure. That assertion is absurd, for the simple fact that not every agency of the United States is authorized to prosecute criminal defendants in the Superior Court. Put differently: not every agency of the United States is authorized to be a litigant in a criminal proceeding in the Superior Court or any other Court. The statutory authority to prosecute the underlying criminal proceeding is vested in the U.S. Attorney, not the FBI. *See* 28 U.S.C. § 547(1), (2); *see also* Super. Ct. R. Crim. Proc. 1(d), and it is the U.S. Attorney that is prosecuting the charges against Defendant, not the FBI. The Court should therefore reject Defendant's contention that the FBI "initiated" the underlying case and grant the FBI's motion to quash.

II.    **The APA Does Not Waive the FBI's Sovereign Immunity With Respect to the Subpoena.**

Defendant argues that the Court should enforce the subpoena against the FBI because the "[Administrative Procedure Act's ("APA's")] waiver of sovereign immunity 'applies to any suit whether under the APA or not.'" Def.'s Mot. at 14–15. Defendant misapprehends entirely the role played by the APA's waiver of sovereign immunity in a third-party subpoena case. Section 702 of the APA provides that "a person suffering a legal wrong because of agency action . . . is entitled to judicial review thereof." The statute continues to state: "An action in a court of the United States seeking relief other than money damages and stating a claim that an agency or an officer or employee thereof acted or failed to act in an official capacity or under color of legal authority shall

not be dismissed nor relief therein denied on the ground that it is against the United States . . . ." *Id.* And as the D.C. Circuit in *Houston Business Journal, Inc. v. Comptroller of Currency,* 86 F.3d 1208, 1211 (D.C. Cir. 1996), explained, "a state-court litigant must request the documents from the federal agency pursuant to the agency's regulations . . . . If the agency refuses to produce the requested documents, the sole remedy for the state-court litigant is to file a collateral action in federal court under the APA." *Id.*

This removal action is not such an action, because Defendant has not initiated an APA proceeding against the FBI with respect to the Superior Court subpoena. Section 702's waiver of sovereign immunity is inapplicable here, and Defendant's arguments to the contrary must therefore fail.

III.    **The FBI Appropriately Relied on Its *Touhy* Regulations.**

Defendant's efforts discount the FBI's *Touhy* regulations lack merit. *See* Def.'s Opp'n at 15–19. A federal agency is authorized to decide whether to provide records in matters, such as this, in which the government is not a party to the litigation. *See United States ex rel. Touhy v. Ragen*, 340 U.S. 462 (1951); *Boron Oil Co. v. Downie*, 873 F.2d 67, 69–70 (4th Cir. 1989); *In re Sept. 11 Litig.*, 621 F. Supp. 2d 131, 144 (S.D.N.Y. 2009). The Department of Justice, and all of its employees, are prohibited from producing documents or information, even in response to a subpoena, without prior approval of the responsible Department official. *See* 28 C.F.R. § 16.22. Such a policy ensures the orderly execution of the Department's mission and programs while not impeding any proceeding inappropriately. *See COMSAT Corp. v. Nat'l Sci. Found.*, 190 F.3d 269, 278 (4th Cir. 1999) (finding that "[w]hen an agency is not a party to an action, its choice of whether or not to comply with a third-party subpoena is essentially a policy decision about the best use of the agency's resources."). The Department's *Touhy* regulations require Department officials to consider several factors, in determining whether disclosure is appropriate pursuant to a third-party

subpoena. 28 C.F.R. § 16.26. The FBI properly relied on the Department's *Touhy* regulations in its October 3, 2024 response to Defendant inviting him to provide additional information to inform the Department's considerations. *See* FBI's Mot., Ex. A.

*Watts v. SEC*, 482 F.3d 501 (D.C. Cir. 2007), which Plaintiff relies on, Def.'s Mot. at 15, does nothing to further Defendant's contention that the Court should brush aside the Department's obligations under its *Touhy* regulations. While *Touhy* regulations "do not relieve district courts of the responsibility to analyze privilege or undue burden assertions under [Federal Rule of Civil Procedure] 45, the court's role includes assessing "any opposition to the subpoena [based on] an independent source of law such as a governmental privilege or rules of evidence or procedure." *Id.* at 509 (quoting 9 James Wm. Moore et al., Moore's Federal Practice § 45.05[1][b] (3d ed. 2006)). As a threshold matter, the Court is not here presented with a subpoena issued by a federal court pursuant to Federal Rule of Civil Procedure 45. And more to the point, the FBI has raised an independent legal basis for opposing the subpoena—that is, that sovereign immunity bars the Superior Court from compelling the FBI to comply with the subpoena.

\*    \*    \*

**CONCLUSION**

For these reasons, and those stated in the FBI's opposition to Plaintiff's motion to remand- or enforce and its cross-motion to quash, the Court should grant the FBI's motion to quash the subpoena.

Dated: February 5, 2025                    Respectfully submitted,

                                                      EDWARD R. MARTIN, JR., D.C. Bar #481866
                                                      United States Attorney

                                                      BRIAN P. HUDAK
                                                      Chief, Civil Division


                                          By:  _____/s/ Tabitha Bartholomew_____
                                                      TABITHA BARTHOLOMEW,
                                                        D.C. Bar # 1044448
                                                      Assistant United States Attorney
                                                      601 D Street, NW
                                                      Washington, DC 20530
                                                      (202) 252-2529
                                                      Tabitha.Bartholomew@usdoj.gov

                                                      *Attorneys for the United States of America*